# United States Court of Appeals for the Federal Circuit

---

**In Re SAP AMERICA, INC., SAP SE,**
*Petitioners*

---

2025-118

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 2:24-cv-00021-JRG, Chief Judge J. Rodney Gilstrap.

---

**ON PETITION**

---

KATHERINE VIDAL, Winston & Strawn LLP, Washington, DC, for petitioners SAP America, Inc., SAP SE. Also represented by MICHAEL A. BITTNER, M. BRETT JOHNSON, THOMAS M. MELSHEIMER, THANH DINH NGUYEN, Dallas, TX; SEAN H. SUBER, Chicago, IL.

MATT BERKOWITZ, Reichman Jorgensen Lehman & Feldberg LLP, Redwood Shores, CA, for respondents Valtrus Innovations Ltd., Key Patent Innovations Ltd. Also represented by NAVID CYRUS BAYAR; BRIAN C. BARAN, Washington, DC; PATRICK ROBERT COLSHER, KHUE V. HOANG, New York, NY.

---

Before DYK, PROST, and CHEN, *Circuit Judges.*

PER CURIAM.

# O R D E R

SAP America, Inc. and SAP SE (collectively, "SAP") petition for a writ of mandamus seeking to compel the district court to transfer the underlying case from the Marshall division of the United States District Court for the Eastern District of Texas to the Sherman division of that same district and to require random reassignment of the case within the Sherman division. Valtrus Innovations Ltd. and Key Patent Innovations Ltd. (collectively, "Valtrus") oppose. We deny the petition.

## BACKGROUND

On January 15, 2024, Valtrus brought this suit against SAP in the United States District Court for the Eastern District of Texas, Marshall division. On March 20, 2024, SAP moved for intra-district transfer to the Sherman division pursuant to 28 U.S.C. § 1404(a), arguing that SAP America maintained offices in Sherman, a witness associated with Valtrus's patent licensing agent resides there, and two SAP employees in Sherman have "potentially relevant knowledge." Appx7. Valtrus opposed, relying, in part, on co-pending litigation in Marshall against AT&T et al. involving one of the same asserted patents. Appx569–70.

On December 13, 2024, nine months after the motion was filed, the district court denied the motion after considering the traditional transfer factors.[1] The court rejected

---

[1] The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. And the public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized

SAP's argument that the willing-witness factor favors transfer, finding most of the witnesses were located outside of Texas (many outside of the United States), and both forums would be similarly convenient for those witnesses; a witness in Sherman declared she would not find Marshall to be inconvenient; and SAP failed to "show that [the two other] identified [witnesses in Sherman] have relevant knowledge . . . [or] explain that knowledge and why it is relevant." Appx7 n.3 (emphasis omitted). The court further criticized SAP for "never stat[ing] that [its Sherman-based employees] will be witnesses *for trial*." Appx8 (emphasis in original).

The court similarly found the sources of proof and compulsory-process factors neutral because the evidence was maintained outside the United States and electronically available, Appx3–5, and SAP "fail[ed] to show or even allege that any [non-party] witnesses would be unwilling to testify in this case," Appx5. As to the practical-problems factor, despite acknowledging that the co-pending AT&T litigation in Marshall had been closed with all defendants dismissed and that the court had not "considered substantive filings in [that case] by the time the Motion to Transfer had been filed," the court found that "the potential future efficiencies achieved with keeping this case in this Court weigh against transfer." Appx10 & n.5.

As to the public-interest transfer factors, the district court determined that Sherman had a slightly greater local interest based on SAP America's offices in that division. However, because "the case was (and continues to be) 'smoothly proceeding' to trial," the court determined that the court-congestion factor "weigh[ed] slightly against

---

interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc).

transfer." Appx11. The district court found the rest of the factors neutral. On balance, the district court concluded that SAP had failed to show that Sherman was a clearly more convenient forum than Marshall and denied transfer. SAP then filed this petition challenging the order, which we have jurisdiction to review. *See* 28 U.S.C. §§ 1295(a)(1), 1651(a); *In re Princo Corp.*, 478 F.3d 1345, 1351–52 (Fed. Cir. 2007).

## DISCUSSION

A petitioner seeking the extraordinary remedy of mandamus must show: (1) "no other adequate means to attain the relief [it] desires," (2) a "clear and indisputable" right to relief, and (3) the writ is "appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (cleaned up). For a transfer decision under 28 U.S.C. § 1404(a), we apply the law of the regional circuit, here the United States Court of Appeals for the Fifth Circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). "[W]e review only for clear abuses of discretion that produce patently erroneous results." *Volkswagen*, 545 F.3d at 312. Under these circumstances, we conclude that SAP failed to demonstrate entitlement to mandamus relief.

To be sure, the district court erred in assigning weight to Valtrus's separate AT&T litigation in Marshall after "acknowledg[ing] [that case was] . . . closed and all defendants . . . dismissed" by the time the motion to transfer was resolved and that it had not otherwise gained any substantive familiarity that might support denying transfer based on judicial economy considerations. Appx10 & n.5. Neither the district court nor the parties have cited precedent, and we are aware of none, that would require a court to ignore this reality. Of course, courts must generally guard against manipulation and not needlessly delay resolution of a motion to transfer only to "turn around and use the progress the case has made while the § 1404(a) motion was pending as a reason to deny transfer." *In re TikTok, Inc.*,

85 F.4th 352, 362–63 & n.10 (5th Cir. 2023). But here, the AT&T litigation was dismissed for unrelated reasons, and once dismissed, its earlier pendency was irrelevant and could not be relied on to deny transfer.

The court also erred in weighing the court congestion factor against transfer solely on the basis that the case, in its view, is "smoothly proceeding" to trial. To the extent that was a suggestion that the case's progress after filing is a relevant consideration, *TikTok* rejected this theory. 85 F.4th at 363–64. At most, this public-interest factor "concerns whether there is an appreciable difference in docket congestion between the two forums," and "[n]othing about the court's general ability to set a schedule directly speaks to that issue" in this case. *In re Adobe Inc.*, 823 F. App'x 929, 932 (Fed. Cir. 2020) (citing *Parsons v. Chesapeake & Ohio Ry. Co.*, 375 U.S. 71, 73 (1963)); *see also Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1337 (9th Cir. 1984) ("The real issue is . . . whether a trial may be speedier in another court because of its less crowded docket."). Here, the district court made no finding regarding court congestion that could have plausibly supported weighing this factor in favor of Marshall.

Nevertheless, SAP failed to show that the denial of transfer was patently erroneous, particularly given that it was SAP's burden to show Sherman would be a "clearly more convenient" forum. *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013). The district court plausibly declined to give significant weight to relative access to sources of proof or availability of compulsory process given SAP failed to identify physical evidence, document custodians, or unwilling witnesses in the Sherman division. *See In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630–31 (5th Cir. 2022). Additionally, while SAP America may have offices in Sherman, those offices appear to have little-to-no connection to this case and thus do not merit significant weight. *See Def. Distributed v. Bruck*, 30 F.4th 414, 435 (5th Cir. 2022) (holding that this factor "most notably regards not merely the parties' significant connections to

each forum writ large, but rather the significant connections between a particular venue and the events that gave rise to a suit" (citation omitted)).

Moreover, SAP has not shown that the willing-witness factor clearly favors transfer. We agree with SAP that the district court expressed an overly demanding standard in criticizing SAP for failing to specifically identify individuals as *trial* witnesses. "Requiring a defendant to show that the potential witness has more than relevant and material information at this point in the litigation or risk facing denial of transfer on that basis is unnecessary." *In re Genentech, Inc.*, 566 F.3d 1338, 1343–44 (Fed. Cir. 2009) (citing *Volkswagen*, 545 F.3d at 317 n.12). Even so, the district court did not clearly abuse its discretion in determining that this factor was neutral. It plausibly found that the convenience of the two divisions was comparable for most of the potential witnesses, who reside outside of Texas; that SAP merely argued its two Sherman-based employees "*potentially* have relevant knowledge" without "explain[ing] that knowledge and why it is relevant," Appx7 n.3 (emphasis in original); and that the only other Sherman-based witness would not find it inconvenient to travel to Marshall for trial. Based on SAP's petition, we are not prepared to disturb those findings on limited mandamus review.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

April 10, 2025
Date

Jarrett B. Perlow
Clerk of Court